### 54403. BLAIR v. THE STATE.

BANKE, Judge.

The defendant was convicted of theft by receiving stolen property in an amount greater than $100 and of criminal possession of an article with an altered identification mark. He appeals from the denial of his motion for new trial.

1. The defendant contends that the evidence did not authorize a finding that the property was worth more than $100. The stolen items consisted of a car radio-tape player, two speakers, and a table model tape player. They were stolen from a pawn shop and subsequently located on display in the defendant's store.

Two state's witnesses, the daughter of the pawn shop owner and a dealer in electronics equipment, offered opinions on the value of the stolen items. Both testified that it was worth slightly more than $100. However, the electronics dealer qualified his opinion by stating that he would place no value on the equipment unless it were functional and that he had no idea whether or not it was functional.

"If there is any evidence to support the jury finding, no error of law appearing, we will not disturb the verdict. *Marlow v. Burns,* 209 Ga. 255 (71 SE2d 520)." *Lawson v. State,* 234 Ga. 136, 138 (214 SE2d 559) (1975). The pawn shop owner's daughter testified that, except for the speakers, she had tested the equipment for customers before it was stolen and that the items she had tested had worked. Furthermore, she did not qualify her opinion on value, as did the electronics dealer, by stating that it was based on the assumption that the equipment was functional. Her testimony alone was sufficient to support the jury's finding on value.

2. The evidence did not authorize a conviction for criminal use of an article with an altered identification mark. One of the essential elements of this crime is that

the defendant must know that the "identification mark has been removed for the purpose of concealing or destroying the identity of such article." Code Ann. § 26-1506 (a). Evidence that the mark has been removed may, under certain circumstances, authorize an inference of guilty knowledge. See *Rogers v. State,* 139 Ga. App. 656 (229 SE2d 132) (1976). However, in this case, there is no evidence that an identification mark was ever removed. The testimony established only that a wooden strip bearing an identification number would normally have been glued to the unit at the time it was manufactured and that this strip was no longer affixed when the stereo was recovered from the defendant's store. There was no evidence that a number was affixed to the stereo at the time it was stolen from the pawn shop. When questioned about this, the owner's daughter could only state, "I feel like it was." Furthermore, although she testified that the identification numbers of all the items in the shop were routinely recorded, she did not produce a number for the stereo.

In the absence of any clear indication that the identification number was affixed to the stereo prior to its theft, there is no basis for an inference that it was removed purposefully. The stereo had been in circulation for some length of time. A wooden strip glued onto the unit could easily have worn off or been torn off accidentally. Since the evidence did not support an inference of guilt on this count, the conviction must be reversed.

3. The defendant contends that the trial court erred in failing to take corrective action following certain allegedly improper comments made by the assistant district attorney during closing argument. Although an objection was interposed, defense counsel never specifically asked for corrective instructions or moved for a mistrial. Therefore, it was not error to fail to grant a mistrial or instruct the jury. See *Campbell v. State,* 111 Ga. App. 219 (141 SE2d 186) (1965).

4. The defendant contends that the trial court erred in charging the jurors that they had "the right to take into consideration the fact that [the defendant] is interested in the result of the prosecution . . ." He argues that this charge unduly emphasized his interest in the outcome vis

a vis that of the other witnesses. This enumeration is also without merit. The jury was properly instructed as to credibility of witnesses in general and was instructed to consider each witness' interest in the outcome of the case. The charge complained of was a proper statement of the law and did no more than restate a self-evident fact. An identical charge was upheld in *Walker v. State,* 132 Ga. App. 274, 278 (5) (208 SE2d 5) (1974).

5. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment of conviction of theft by receiving stolen property affirmed; judgment of conviction of criminal use of article with altered identification mark reversed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1977 — DECIDED NOVEMBER 23, 1977.

*Wilson & Wallace, Hugh Q. Wallace,* for appellant.
*Walker P. Johnson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.

