## S90A0487. POWER v. THE STATE.
### (390 SE2d 47)

CLARKE, Chief Justice.

William David Power, Jr. was convicted of the malice murder of his wife, Betty Lee Power, and sentenced to life imprisonment.[1] The defendant was also convicted of criminal use of a rifle with an altered identification mark in violation of OCGA § 16-9-70 for which he was sentenced to a concurrent term of one year.

The defendant testified that on the day of the shooting the victim arrived home from work "extremely upset," but did not say why. She immediately began arguing with the defendant because he was not ready to go shopping with her. The defendant testified the victim was angry because he had purchased a new speedometer for his truck, and also accused him of caring for another woman more than for her. According to the defendant, this argument continued for an hour or two. The defendant testified he took a bath and when he returned to the living room, the victim had his 30/30 rifle in her hand. The defendant testified that he reached for the rifle and the victim grabbed a candy dish in her other hand and hit him with it. As he fell backwards, the gun discharged, killing the victim. The defendant testified

---

[1] The shooting occurred on May 6, 1988. The defendant was tried in September 1988, and the jury returned its verdict on September 28, 1988. The defendant's motion for new trial was filed on October 21, 1988 and amended on August 24, 1989. The trial court denied the motion for new trial on December 19, 1989. Defendant's appeal was docketed in this court on January 10, 1990, and submitted without oral argument on February 23, 1990.

that the gun discharged only one time, and that the victim was not seated when shot. The defendant further testified that just before the gun went off the victim stated she was going to "knock [his] head off." According to the defendant, after the gun discharged, he picked the gun up, ran with it through the trailer and then threw it down.

Just after the shooting the defendant gave statements to police in which he maintained that the victim was sitting down when the gun went off.

The gunshot exploded the victim's skull and she died from this wound. The victim, who was right-handed, was found by police with a candy dish in her right hand. The 30/30 rifle was found in the doorway of a bedroom in the couple's trailer. The state's expert witnesses testified that the fact that there was no gunpowder tattooing or burns on the victim indicated that the rifle was fired at a distance of at least two and one-half to three feet. Gunpowder residue found on the victim's hands would indicate that the victim threw her hands up after the rifle was fired. The state's witnesses also testified that tests performed at the crime scene indicated that the rifle had been fired twice, once missing the victim and once striking her. A defense expert testified to his opinion based on similar tests that the gun had only been fired once.

Neighbors of the defendant testified to seeing the victim and defendant engage in verbal and physical fights. The victim's mother testified that she once had to break in the couple's trailer to stop them from fighting.

1. Viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, there was sufficient evidence of the defendant's guilt to authorize the trial court to deny his motion for directed verdict of acquittal. *Stanley v. State*, 254 Ga. 376 (329 SE2d 500) (1985).

2. The state objected to part of the defendant's closing argument. Neither the closing argument nor the objection was transcribed. The defendant argues that the trial court made an impermissible comment on the evidence while ruling on the state's objection.

Our study of the record shows that the comments made by the trial court were merely an explanation of his ruling, and as such do not constitute an impermissible comment on the evidence. *McMillan v. State*, 257 Ga. 173 (4) (356 SE2d 866) (1987); *Johnson v. State*, 246 Ga. 126 (5) (269 SE2d 18) (1980).

3. The defendant argues the trial court erred in denying his motion in limine to exclude any evidence of prior difficulties between the victim and the defendant. The state was then permitted to offer the testimony of numerous witnesses who had observed arguments and

physical violence between the defendant and victim. We find no error. The testimony of these witnesses was admissible as evidence of the relationship between the victim and the defendant. *Rotino v. State*, 259 Ga. 295 (2) (380 SE2d 261) (1989). The fact that the prior difficulties testified to occurred throughout the four-year marriage of the parties goes to the weight and not the admissibility of the evidence. *Stratton v. State*, 257 Ga. 593 (362 SE2d 47) (1987).

4. The defendant argues the trial court erred in denying his motion for directed verdict on the charge of criminal use of a rifle with an altered identification mark, OCGA § 16-9-70. At trial the defendant testified that he had purchased the rifle in question eight years earlier when he was approximately 15 years old, and that he knew at the time that the serial mark had been obliterated. The defendant's uncle testified that he was present at the sale of the gun and that either he or the defendant inquired of the seller why there was no identification mark on the gun. The seller told them not to worry about it.

Under OCGA § 16-9-70, knowledge that the identification mark has been removed for purposes of concealing the identity of the article is an essential element of the crime, *Blair v. State*, 144 Ga. App. 118 (240 SE2d 319) (1977), which may be proved by circumstantial evidence. *Rogers v. State*, 139 Ga. App. 656 (229 SE2d 132) (1976). However, the evidence here is only that the defendant was aware the serial number had been removed; there is no evidence, direct or circumstantial, to show that he knew the serial number had been removed for the purpose of concealing the identity of the rifle. Therefore the trial court should have granted the defendant's motion for directed verdict as to this count. As the evidence fails to meet the test of *Jackson v. Virginia*, supra, this conviction must be reversed.

5. The defendant maintains the trial court erred in admitting three photographs taken at the scene of the crime on the ground that each of the photographs was gruesome. Each of these photographs depicted in some manner the victim's wound. One of the photographs was admitted to show the victim was not wearing her wedding band at the time she was shot. One other photograph was admitted to show the test police were performing on the bullet holes behind the victim, and was offered to prove that the gun was fired at a downward angle. The remaining photograph was offered to show the fatal wound. Each of these photographs was relevant to the issue for which it was offered. The trial court did not abuse its discretion in admitting the photographs in evidence. *Moses v. State*, 245 Ga. 180 (6) (263 SE2d 916) (1980); *Hicks v. State*, 256 Ga. 715 (13) (352 SE2d 762) (1987).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 12, 1990.

*Oliver & Woods, William R. Oliver,* for appellant.
*Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.