S93A1874. MILLER v. THE STATE.
(438 SE2d 81)

CLARKE, Chief Justice

Samuel Lee Miller was convicted of the malice murder of Michael Jerome Mathis, and sentenced to life imprisonment. Additionally, Miller was convicted of the possession of a knife during the commission of a crime for which he was sentenced to a term of years.[1]

The record shows that the victim died as a result of stab wounds. Witnesses for the state testified that they observed the defendant and victim quarrelling, and there was some testimony that the victim was attempting to break up an argument between the defendant and the defendant's brother. According to eyewitnesses, the defendant walked into his house and returned with a knife. The victim then picked up a stick and began swinging at the defendant. Two witnesses testified that they saw the defendant stab the victim. One of these witnesses testified that following the stabbing, the defendant stated that he "wish[ed he] had killed him."

The defendant was permitted to testify that the victim was a violent man who had threatened his life and had beaten him on two previous occasions. The defendant testified that the victim picked up the stick and began beating him before the defendant went into his house. He further testified that the victim followed him into his house and continued beating him there. The defendant then picked up the knife and stabbed the victim to protect himself.

---

[1] The crimes occurred on June 3, 1991. The trial began on December 3, 1991, and the jury returned its verdict on December 5. The jury convicted the defendant of both felony murder and malice murder, but the trial court sentenced him only for malice murder. The defendant's attorney died shortly after the trial, and no further action was taken in the defendant's case until February 12, 1993, when new counsel filed a motion for new trial. While the record does not indicate that this motion was ruled on, the record does show that the trial court granted the defendant an out-of-time appeal. The defendant initially filed this case in the Court of Appeals which transferred it to this court on August 25, 1993. The case was submitted on briefs on October 15, 1993.

1. Based on the evidence presented at trial, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prior to trial the defendant filed a document in the trial court which stated only that "the Defendant . . . hereby gives to the State notice of the Defendant's intent to introduce evidence of previous specific acts of violence against third persons by the deceased and victim in the above stated case." The trial court granted the state's motion in limine to exclude this evidence on the ground that the defendant's notice lacked specificity with regard to the times, places, and names of the third parties involved.

The defendant argues that nothing in our opinion in *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991), mandates the specificity required by the trial court. We do not agree. In *Chandler*, we held that a defendant claiming justification may introduce evidence of "specific acts of violence by the victim against third parties." 261 Ga. at 408. We set out certain procedures which must be followed in order to admit this evidence, including timely notification to the trial court of the defendant's intention to offer this evidence. "The trial court will [then] take reasonable steps to assure that the state has reasonable notice of such intention and *of the nature of such evidence.*" (Emphasis supplied.) Id. Implicit in this statement is the requirement that the defendant notify the trial court of the substance of the evidence sought to be offered.[2] As the defendant in this case failed to provide any information which would put the state on notice of the evidence it intended to offer such that the state would have the opportunity for rebuttal, the trial court did not err in granting the state's motion in limine. Compare Uniform Superior Court Rule 31.1 on which this court relied to develop the procedure announced in *Chandler*.

3. The defendant argues that because he cannot read or write, the trial court erred in ruling that several custodial statements he made to police officers were voluntarily given. The record shows that both prior to and immediately following arrest, the defendant spontaneously stated to police officers that he had killed the victim. As none of these statements were the product of custodial interrogation, they were not subject to exclusion under *Miranda v. Arizona*, 384 U. S.

---

[2] This is consistent with Uniform Superior Court Rule 31.6, adopted December 30, 1993, which provides, in part, that the defendant's notice of intent to introduce evidence of relevant specific acts of violence by the victim against the defendant or third persons . . . shall state the act of violence, date, county and the name, address and telephone number of the person for each specific act of violence sought to be introduced. Subsections (A) and (B).

436 (86 SC 1602, 16 LE2d 694) (1966). *Hallman v. State*, 263 Ga. 72 (428 SE2d 344) (1993); *Lolley v. State*, 259 Ga. 605, 606 (385 SE2d 285) (1989). While, as the defendant points out, lack of education may be a factor in determining whether *a juvenile* has made a knowing and intelligent waiver of his *Miranda* rights prior to making incriminating statements, *State v. McBride*, 261 Ga. 60, 63 (401 SE2d 484) (1991), where, as here, the defendant is not a juvenile, and his incriminating statements are spontaneous and not induced by police interrogation, the trial court is not required by *Miranda* to make such an inquiry.

Further, as the defendant concedes, we have held that an accused's intoxication does not automatically invalidate his waiver of *Miranda* rights. *Pruitt v. State*, 258 Ga. 583, 586 (373 SE2d 192) (1988). Likewise, the defendant's unspecified level of intoxication did not render inadmissible his spontaneous statements to police.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1994.

*Nathan M. Jolles,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Barbara A. Smith, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.