## S94A1901. ARMSTRONG v. THE STATE.
(453 SE2d 442)

CARLEY, Justice.

For the fatal stabbing of a single victim, appellant was indicted on alternative counts of malice murder, felony murder while in the commission of an aggravated assault, and aggravated assault. He was brought to trial before a jury and, although he sought an acquittal based upon self-defense, the jury returned guilty verdicts on all three counts. However, the trial court entered a judgment of conviction and life sentence only on the jury's verdict finding appellant guilty of malice murder. *Malcolm v. State,* 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). His motion for new trial was denied and he appeals.[1]

1. Construing the evidence most strongly in support of the guilty verdict as to malice murder, the jury was authorized to find that appellant caused a mere verbal altercation to escalate into a fatal assault by suddenly drawing a knife and stabbing the unarmed victim. After the stabbing, appellant expressed his "hope" that he had killed the victim. This evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt of malice murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Baldwin v. State,* 263 Ga. 524, 525 (2) (435 SE2d 926) (1993); *Richards v. State,* 263 Ga. 65 (428 SE2d 84) (1993).

2. Appellant sought to introduce evidence of the victim's commission of specific acts of violence against others. The trial court refused to admit this evidence on the ground that appellant had failed to comply with the procedural requirements of the Uniform Superior Court Rules (USCR). Several enumerations of error relate to this evidentiary ruling.

The record shows that the pre-trial notice filed by appellant contained only the names and addresses of two witnesses and did not "state the act of violence, date, county and the . . . telephone num-

---

[1] The homicide occurred on June 9, 1993 and appellant was indicted on August 27, 1993. The guilty verdicts were returned on February 9, 1994 and the judgment of conviction and life sentence was entered on February 10, 1994. The motion for new trial was filed on March 4, 1994 and denied on July 22, 1994. The notice of appeal was filed on August 19, 1994 and the case was docketed in this court on September 7, 1994. The appeal was submitted for decision on October 21, 1994.

ber" of the witnesses. USCR 31.6 (B). Moreover, the notice was filed only six rather than "at least ten days before trial. . . ." USCR 31.1.

> [T]he purpose of the time requirement of USCR 31.1 is fundamental fairness. The rule recognizes the difficulty of rebutting evidence of specific acts unless timely notice of the [defendant's] intention to offer evidence is given.

*Chandler v. State*, 261 Ga. 402, 408 (3) (c) (405 SE2d 669) (1991). A trial court is authorized to shorten the ten-day requirement in the exercise of its discretion. *Thaxton v. State*, 260 Ga. 141, 144 (6) (390 SE2d 841) (1990). However, the record shows that the trial court was aware of its discretionary authority in this regard, but concluded that it did not "have any reason to" exercise that discretion under the circumstances. There was no abuse in this exercise of the trial court's discretion, especially considering that appellant's untimely notice did not contain all of the relevant information required by USCR 31.6 (B). It follows that the evidence was not erroneously excluded.

3. The trial court included the following principle in the context of its jury charge explicating the State's burden of proving appellant's guilt beyond a reasonable doubt: "Moral and reasonable certainty is all that can be expected in a legal investigation." Appellant urges that this charge is constitutionally erroneous and mandates a reversal of his conviction.

Although the better practice is to omit any reference to a "moral and reasonable certainty," the inclusion of such a reference may not constitute reversible error when considered in the context of the entirety of the charge on reasonable doubt. *Hicks v. State*, 262 Ga. 756, 757 (3) (425 SE2d 877) (1993). Here, the trial court's reference to a "moral and reasonable certainty" appears in the context of a charge which "as a whole repeatedly and accurately conveyed to the jury the concept of reasonable doubt." *Vance v. State*, 262 Ga. 236, 237 (2) (416 SE2d 516) (1992). Accordingly, that reference "did not lessen the burden of proof necessary to obtain a conviction, and therefore did not violate the Due Process Clause. [Cits.]" *Brown v. State*, 264 Ga. 48, 50 (3) (a) (441 SE2d 235) (1994). See also *Baldwin v. State*, 264 Ga. 664 (1) (449 SE2d 853) (1994).

*Judgment affirmed. All the Justices concur, except Benham, P. J., who concurs in Divisions 1 and 3 and in the judgment, Sears, J., who concurs in Division 1 and in the judgment, and Thompson, J., who concurs in Divisions 1 and 2 and in the judgment.*

DECIDED FEBRUARY 13, 1995.

*Suparna Malempati*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Roosevelt Hamb, Jr., Juliette W. Scales, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.