A97A1923. YOUNG v. THE STATE.
(491 SE2d 404)

Judge Harold R. Banke.

Robert Lee Young, owner of a small area rug business, was charged with felony murder and aggravated assault of one of his

employees. The jury convicted him of the lesser included offense of battery. In his single enumeration of error, Young argues that excluding testimony of the victim's history of violence was error.

The evidence, viewed in the light most favorable to the verdict, revealed that the offense occurred in the break room of Young's place of business. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996). Young and the victim were drinking and shooting pool, betting on their games. The victim, angered after an acquaintance advised Young on a particular shot, threw his pool cue on the table and responded with profanity. The victim then pushed the acquaintance, a woman, into the jukebox. After Young intervened, the victim mumbled, "I'll cut your f**ng guts out," and reached for his back pocket. At that point, Young hit the victim just above the top of his right ear with his pool cue. After a short scuffle, the victim headed toward the door with his girl friend. As they were leaving, Young hit the victim's chin. The victim went to bed with his girl friend around midnight and when she tried to wake him in the morning, he was dead.

Prior to trial, Young gave notice pursuant to Uniform Superior Court Rule 31.1 of his intention to present evidence of specific acts of violence by the victim. These included two incidents when the victim pulled a knife on unknown patrons of (1) The Pines and (2) the Riverside Bar, both in Polk County, Tennessee, in the fall of 1995. The trial court permitted testimony of the incident at The Pines. However, the trial court excluded testimony of an alleged incident at the victim's house which occurred the same evening as the incident at The Pines. *Held*:

The trial court did not abuse its discretion in excluding the testimony. *Syfrett v. State*, 210 Ga. App. 185, 188 (5) (435 SE2d 470) (1993). Uniform Superior Court Rules 31.1 and 31.6 (B) require defendants to provide timely notice of intent to present acts of violence by the victim. Such notice must include the act of violence, the date, county and the name, address and telephone number of the other person involved. Uniform Superior Court Rule 31.6 (B). Considerations of fundamental fairness, assuring sufficient time to rebut the specified allegations, underlie such notice provisions. See *Armstrong v. State*, 265 Ga. 18, 19 (2) (453 SE2d 442) (1995); *Chandler v. State*, 261 Ga. 402, 408 (3) (c) (405 SE2d 669) (1991). Young's total failure to provide notice of the incident at the victim's house prevented the State from seeking evidence to rebut the testimony about the incident at trial. Under these circumstances, we cannot say the trial court's exclusion of the evidence was error. Moreover, the abundant evidence relating to the victim's violent propensities which was admitted convinces us that the excluded testimony was cumulative. *Hathcock v. State*, 214 Ga. App. 188, 192 (7) (447 SE2d 104) (1994).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 8, 1997 —
RECONSIDERATION DENIED AUGUST 25, 1997 —

*Mitchell & Mitchell, E. Neil Wester III, Gee G. Vaughn,* for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney,* for appellee.