## A98A1166. FULTON v. THE STATE.
### (503 SE2d 54)

ELDRIDGE, Judge.

On April 13, 1997, the defendant-appellant, William Levon Fulton, was with his girl friend, Harriet Hamilton, in the parking lot of the Burger King in Savannah, Chatham County, at 2:00 a.m.

Arthur Williams, the victim, encountered Hamilton. Hamilton testified for the defense that she asked the victim for a light, and he cursed her. This led to "words," and an angry argument resulted. Williams testified that he did not have a gun. Hamilton testified that the victim took a pistol out of the trunk of a car. Hamilton told the victim that she was going to get her gun and went to her car for her pistol.

The victim told the defendant to do something about Hamilton getting her gun. The defendant took the gun from Hamilton and went to Williams with the pistol in his possession.

The victim denied that they scuffled or traded blows, but Hamilton testified that the victim began to tussle and then exchanged blows. Hamilton never saw the victim strike the defendant but saw the defendant strike the victim with his fist; the pistol was in his pants all during the fight.

Hamilton claimed ownership of the pistol. The defendant had an extensive record of prior felony convictions.

The victim testified that the defendant struck him in the head with the cylinder of the pistol as soon as the defendant got close to him, causing injury and leaving the marks of the cylinder on his face. The evidence was in conflict; defendant's witnesses testified that the defendant never struck the victim with the pistol, only his fist. The police found blood on the pistol in defendant's possession.

The defendant was indicted for aggravated assault with a deadly weapon; possession of a firearm during the commission of a felony, i.e., aggravated assault; possession of a firearm by a convicted felon; and the criminal use of an article with an altered serial number, the pistol. Defendant was indicted as a recidivist.

At trial on September 12, 1997, defendant was convicted of simple battery as a lesser included crime and possession of a firearm by a convicted felon; he was acquitted of all the remaining charges. Defendant was sentenced as a recidivist on that date.

Defendant's motion for new trial was denied, and defendant appeals.

1. Defendant's first enumeration of error is that the trial court erred in charging simple battery as a lesser included offense of aggravated assault. We do not agree.

An offense is included in the crime indicted under OCGA § 16-1-6 when: "(1) [i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the

commission of the crime charged; or (2) [i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person . . . or a lesser kind of culpability suffices to establish its commission." See *Strickland v. State*, 223 Ga. App. 772 (479 SE2d 125) (1996).

Under the facts of this case, the jury was authorized to believe: that the defendant struck the victim but that he did not strike the victim with a deadly weapon; that the pistol was not used in a fashion that was deadly; that the defendant did not intend to use the pistol as a deadly weapon in slapping the victim in the face with the cylinder of the revolver which reduced the risk of the injury; that the bruised face was a less serious injury from being struck in the face than a blow to other areas of the head in a different fashion and with a different part of the gun; or that the defendant struck the victim with his fist while he was grasping the gun in his fist. Such possible factual determinations by the jury make the crime a lesser included offense as a matter of fact. See *Haynes v. State*, 249 Ga. 119 (288 SE2d 185) (1982); *Stephens v. Hopper*, 241 Ga. 596 (247 SE2d 92) (1978). All of such permissible possible factual findings would constitute a lesser included offense of aggravated assault by striking the victim with a pistol, a deadly weapon. See OCGA § 16-1-6; *Messick v. State*, 209 Ga. App. 459 (433 SE2d 595) (1993); *Williams v. State*, 144 Ga. App. 130 (240 SE2d 890) (1977). Under the facts of this case, simple battery can be factually a lesser included offense of aggravated assault. See *Guevara v. State*, 151 Ga. App. 444 (260 SE2d 491) (1979). Where the evidence authorizes a charge on the lesser included offense, it is not error for the trial court to charge the jury on such lesser offense. *Rodriguez v. State*, 211 Ga. App. 256 (439 SE2d 510) (1993); see also *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994); *Clarke v. State*, 239 Ga. 42 (235 SE2d 524) (1977); *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976).

2. The defendant's second enumeration of error is that the jury's verdict of guilty as to possession of a firearm by a convicted felon is mutually exclusive of its verdict of not guilty regarding criminal use of an article with an altered identification mark. We do not agree.

" 'The general rule dispensing with the necessity for consistency as between acquittals and guilty verdicts under a multicount indictment or information is not ordinarily applied where the jury returns multiple convictions as to crimes which are mutually exclusive of each other.' " *Dumas v. State*, 266 Ga. 797, 799 (471 SE2d 508) (1996). "Mutually exclusive" means that the jury's findings as to the elements of one offense must exclude or preclude the jury's finding with regard to an element of a second offense as a matter of law. Id. at 800.

Here, the evidence was that the altered serial number was concealed under the hand grips, which had to be removed to reveal such

condition. However, Hamilton testified that it was her gun, that she had possessed the pistol for several months, and that she did not know that the serial number had been removed. Further, Hamilton testified that, prior to the defendant taking the gun from her, the defendant had never had the gun in his possession. Thus, the jury was authorized to find that the defendant had no knowledge that the serial number on the gun had been altered.

OCGA § 16-9-70 (a), criminal use of an article with an altered identification mark, requires knowledge and intent as essential elements of the offense: "which he knows the . . . serial number . . . has been removed for the purpose of concealing or destroying the identity of such article." See *Power v. State*, 260 Ga. 101 (390 SE2d 47) (1990); *Blair v. State*, 144 Ga. App. 118 (240 SE2d 319) (1977); *Rogers v. State*, 139 Ga. App. 656 (229 SE2d 132) (1976). The testimony of Alcohol, Tobacco & Firearms ("ATF") Agent Randy Beach gave rise to circumstantial evidence of possession of the pistol, but not of knowledge of the altered serial number on the pistol. There was no evidence of guilty knowledge and intent as to the altered number, so that the trial court would have had to direct a verdict on that charge if the motion had been made. *Power v. State*, supra; *Gadonna v. State*, 164 Ga. App. 582 (298 SE2d 556) (1982); *Rogers v. State*, supra. Therefore, the jury was authorized to acquit, because the State had failed to prove the essential elements of knowledge and intent as to the offense of possession of the pistol with "*altered* serial number" beyond a reasonable doubt, even though possession of the pistol, itself, was proven. *Power v. State*, supra. Accordingly, the verdicts were not "mutually exclusive," because the evidence proved beyond a reasonable doubt that the defendant, a convicted felon, had possession of the firearm.

3. The third enumeration of error is that the jury's verdict of guilty as to possession of a firearm by a convicted felon was mutually exclusive of its verdict of not guilty on the aggravated assault charge. We do not agree.

The State's case, as well as the defense case, proved beyond a reasonable doubt that the defendant had possession of a firearm and was a convicted felon. Division 1 is dispositive of the factual determination that the pistol was not used in an aggravated assault. However, the jury found beyond a reasonable doubt that defendant had possession of Hamilton's pistol, whether or not he used it as a deadly weapon.

4. The fourth enumeration of error is that the trial court erred in allowing the testimony of Randy Beach into evidence over objection of the defense. We disagree.

The testimony of ATF Agent Randy Beach was relevant and material to show possession of the pistol by the defendant prior to

April 13, 1997, both for the possession by a felon count and the altered serial number count, because the defendant made admissions that were circumstantial evidence of possession and control of the pistol prior to the assault in that he sought to obtain a silencer for the pistol. The testimony also was an attempt to prove that the defendant possessed a pistol with an altered serial number.

OCGA § 24-9-20 prohibits the State from introducing evidence of the defendant's bad character unless such evidence is relevant and material for another evidentiary purpose. Where evidence that is probative for some other purpose incidentally places the defendant's character in evidence, such evidence does not violate the statutory prohibition and is admissible. *Samuels v. State*, 223 Ga. App. 275 (477 SE2d 414) (1996); see also *Hales v. State*, 250 Ga. 112 (296 SE2d 577) (1982). The trial court did not abuse its discretion in the admission of such evidence.

5. The fifth enumeration of error is that the trial court erred in refusing the defendant's motion to place the victim's prior acts of violence before the jury. We do not agree.

Uniform Superior Court Rule ("USCR") 31.6 mandates that the defense give written notice to the prosecution at least ten days prior to trial of the intent to use evidence of the victim's prior acts of violence and for the trial court to hold a hearing. Although on the day of trial, September 9, 1997, the defendant filed a written notice of the intent to present evidence of justification, such notice did not comply with USCR 31.6 by giving ten days written notice. On September 10, 1997, the trial court denied the defense motion to use evidence of the victim's prior acts of violence. See *Chandler v. State*, 261 Ga. 402, 407-408 (3) (405 SE2d 669) (1991); see also USCR 31.6; *Johnson v. State*, 266 Ga. 380, 381 (2) (467 SE2d 542) (1996); *Watkins v. State*, 264 Ga. 657, 662 (4) (449 SE2d 834) (1994); *Johnson v. State*, 229 Ga. App. 586 (494 SE2d 382) (1997). Failure to file the written notice within ten days and failure to identify the witness, give the address and telephone number, and the approximate date of the occurrence are grounds to exclude such evidence. USCR 31.6 (B); *Johnson v. State*, 229 Ga. App. at 589. "There was no abuse in [the] exercise of the trial court's discretion, especially considering that appellant's untimely notice did not contain all of the relevant information required by USCR 31.6 (B). It follows that the evidence was not erroneously excluded." *Armstrong v. State*, 265 Ga. 18, 19 (2) (453 SE2d 442) (1995). See also *Young v. State*, 228 Ga. App. 233, 234 (491 SE2d 404) (1997).

6. Defendant's last enumeration of error is that the trial court erred in allowing copies of the defendant's prior convictions into evidence without a showing as to the voluntariness of defendant's guilty plea. We do not agree.

The defense, upon tender of evidence of the prior convictions, was afforded an opportunity to object and raised no objection. This enumeration of error was raised for the first time in defendant's amended motion for new trial. The defendant waived such error by not timely raising the objection at trial when the trial court could cure the error by requiring such showing, because the defendant could not sit back in silence regarding the alleged error and gamble on the outcome of the trial to later raise the issue. See *Spencer v. State*, 260 Ga. 640 (398 SE2d 179) (1990). The defendant must timely raise, prior to, at trial, or at sentencing, the issue of voluntariness of prior guilty pleas under *Boykin v. Alabama*, 395 U. S. 238, 242 (89 SC 1709, 23 LE2d 274) (1969), before the burden of proof is placed upon the State to establish a valid waiver. *Pope v. State*, 256 Ga. 195, 209-210 (17) (345 SE2d 831) (1986). The objection to voluntariness must be raised at the time that the prior conviction is tendered for admission before the trial court. See id.; *Gadson v. State*, 197 Ga. App. 315, 317-318 (4) (398 SE2d 409) (1990); *Mincey v. State*, 186 Ga. App. 839, 841 (4) (368 SE2d 796) (1988). Where, as under the facts of this case, the objection was not raised until motion for new trial, this error of proof of voluntariness of prior guilty pleas was not preserved for appellate review. See *Pugh v. State*, 214 Ga. App. 470, 471 (3) (448 SE2d 16) (1994); *Alonso v. State*, 190 Ga. App. 26, 30 (7) (378 SE2d 354) (1989).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 4, 1998 —
RECONSIDERATION DENIED JUNE 17, 1998 — ▮▮▮▮▮▮

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.