S99A0981. DARDEN v. THE STATE.
(519 SE2d 921)

THOMPSON, Justice.

Curtis Lee Darden, Jr. was sentenced to life in prison after a jury

---

[8] See *Felder v. State*, 266 Ga. 574, 576 (468 SE2d 769) (1996).

[9] See OCGA § 24-9-20 (b).

[10] *Duvall v. State*, 259 Ga. 801, 802 (387 SE2d 880) (1990).

[11] Id.

found him guilty of felony murder, voluntary manslaughter, and aggravated assault.[1] On appeal he asserts that the trial court committed reversible error in disallowing his notice of intent to introduce evidence of prior acts of violence by the victim against third persons. For the reasons which follow, we affirm Darden's conviction for voluntary manslaughter, but vacate his conviction for felony murder, and remand for resentencing.

1. On the afternoon of March 20, 1998, Darden overheard his sister arguing with her husband, Gary Crane, in the apartment across the hall from his own. When Darden heard his name mentioned, he went across the hall and entered into the argument with Crane. Several minutes later, Crane left the apartment, ran down the staircase, and exited the building. Seconds later, he returned and ascended the stairs toward his apartment. During the time that Crane was gone, Darden obtained a gun from his apartment. Darden and Crane encountered each other in the hallway outside of their apartments and a struggle ensued between the two. During this struggle Darden's gun discharged, fatally wounding Crane. Darden fled the scene, but was arrested a few blocks away.

The evidence was sufficient to allow a rational trier of fact to find Darden guilty beyond a reasonable doubt of voluntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Two days prior to trial, Darden filed and served upon the State a notice of intent to introduce evidence of the victim's prior acts of violence against third parties under Uniform Superior Court Rule ("USCR") 31.1. However, USCR 31.1 requires that such notice "shall be given and filed at least ten days before trial unless the time is shortened or lengthened by the judge." This provision grants the trial court complete discretion in deciding whether to vary the time for filing, and its decision will not be upset absent abuse. *Armstrong v. State*, 265 Ga. 18 (2) (453 SE2d 442) (1995).

After hearing argument, the court applied the standard of *Chandler v. State*, 261 Ga. 402 (3) (405 SE2d 669) (1991), and its progeny, and allowed Darden to introduce evidence of certain alleged acts of violence where the State was not unfairly disadvantaged by the lack

---

[1] The shooting occurred on March 20, 1998. A true bill of indictment was returned on July 21, 1998, charging Darden with malice murder, felony murder with the underlying felony of aggravated assault, voluntary manslaughter and aggravated assault. Trial was held on December 2-3, 1998. The jury returned its verdict on December 3, 1998, declaring Darden guilty of felony murder, voluntary manslaughter and aggravated assault. The trial court merged the manslaughter and assault convictions with felony murder and Darden was sentenced on December 3, 1998 to life in confinement for felony murder. A motion for new trial was filed on December 30, 1998 and denied on February 26, 1999. A timely notice of appeal was filed. The case was docketed in this Court on April 5, 1999, and oral argument was heard on June 22, 1999.

of advance notice. As to other alleged incidents, the court disallowed the evidence when the State asserted that it had no ability to rebut the evidence in time for trial. It was also established that Darden delayed notifying the State of these alleged prior acts of violence despite knowing of the existence of the witnesses to such acts for several months prior to trial. Thus, he could have made a timely partial disclosure of this information, which would have been in substantial compliance with USCR 31.6.[2] See *Johnson v. State*, 229 Ga. App. 586, 590 (494 SE2d 382) (1997) (substantial compliance with USCR 31.6 is sufficient). Compare *Miller v. State*, 263 Ga. 723, 724 (438 SE2d 81) (1994) (notice of intent which lacks *any* information required by USCR 31.6 is insufficient).

Under the circumstances, the trial judge's adherence to the USCR 31.1 disclosure requirements was justified and did not constitute an abuse of discretion.

3. At the conclusion of the evidence, Darden moved for a directed verdict of acquittal, asserting that his trial testimony established a defense of justification and demanded his acquittal. He testified that he only retrieved his gun because he was afraid of the victim and wanted to frighten him away, or in the alternative, wanted to be able to protect himself. The trial court denied Darden's motion and sent the case to the jury.

Under OCGA § 16-3-21 the use of force which is intended or likely to cause death or great bodily harm is justified if it is reasonably believed that such force is necessary to prevent death or great bodily injury to oneself or a third person. "The distinguishing characteristic between voluntary manslaughter and justifiable homicide . . . is whether the accused was so influenced and excited that he reacted passionately or whether the defendant acted simply to defend himself." *Johnson v. State*, 229 Ga. App. 586, 587 (1) (494 SE2d 382) (1997). It is for the jury to decide whether Darden reasonably believed that the use of deadly force was necessary. *Anderson v. State*, 245 Ga. 619, 623 (266 SE2d 221) (1980). Accordingly, a directed verdict was not demanded.

4. The trial court erred in sentencing Darden for felony murder and voluntary manslaughter based on the same underlying aggravated assault. *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). By definition, a defendant found guilty of voluntary manslaughter lacks the mens rea required to commit felony murder in that any malice which would have been imputed from the underlying felony has been mitigated by the provocation which induced the crime of voluntary

---

[2] USCR 31.6 (B) states: "The notice . . . shall state the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced."

452

manslaughter. Id. Since only the voluntary manslaughter conviction may stand, the case is remanded for resentencing.

*Judgment affirmed in part, reversed in part and case remanded for resentencing. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*Aldous D. McCrory,* for appellant.

*James R. Osborne, District Attorney, Jane A. Levendusky, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.