## A99A1759. DONALDSON v. THE STATE.
(524 SE2d 522)

POPE, Presiding Judge.

Davion Donaldson was tried and convicted of aggravated assault and possession of a firearm during the commission of a crime. We affirm, concluding for the following reasons that the evidence was sufficient to convict and that the trial court did not err in restricting Donaldson's cross-examination of the victim.

Viewing the evidence in the light most favorable to the verdict, on February 16, 1998, Donaldson tried to borrow some money from his friend, Sharrett Gardner, to pay off a gambling debt. Gardner did not loan Donaldson the money, and Donaldson became angry.

The next day, Gardner was driving by an auto parts store and saw Donaldson's car in the parking lot. Gardner stopped his car and went into the store to see Donaldson. When Gardner could not find Donaldson in the store, he went to his own mother's house nearby. Inside the house, Gardner found Donaldson and a person Gardner did not know.

Gardner asked Donaldson why he was in his mother's home. The two men began arguing, and Gardner started to leave the house. Donaldson then shot at Gardner and hit him. Gardner ran to a grocery store where he passed out. An investigator from the sheriff's department testified that Donaldson fired three shots at Gardner.

Donaldson's defense was self-defense. He claimed that he went to Gardner's house to buy drugs; that the drug deal went sour; and that Gardner then threatened to kill him. According to Donaldson, he and Gardner wrestled, and he shot Gardner during this struggle.

1. In his first enumeration of error, Donaldson argues that the evidence was insufficient to convict because it was contradictory and supported his defense of self-defense. We disagree and find that a rational trier of fact could find from the evidence adduced at trial

proof of his guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Donaldson next argues that the trial court erred in restricting his cross-examination of Gardner. Specifically, Donaldson claims that the court's decision to prevent his counsel from cross-examining Gardner about a prior aggravated assault charge, which involved allegations that Gardner shot his own brother, was error. Donaldson contended that this charge strengthened his self-defense theory by demonstrating that his fear of being killed by Gardner was well placed.

The transcript reflects that defense counsel questioned Gardner about a pending felony drug possession charge and the prosecutor objected. The court overruled the objection, and defense counsel then asked Gardner if he was receiving favorable treatment from the district attorney's office for "a case they're prosecuting you for right now" in exchange for his testimony.

After this exchange the jury left the courtroom, and defense counsel argued that evidence of the aggravated assault charge was admissible because it was helpful to Donaldson's defense. Defense counsel stated that he was not sure whether the aggravated assault charge was pending against Gardner — that the status of the charge was "in limbo." The court sustained the prosecutor's objection and did not allow questioning about this charge. In so doing, the court determined that defense counsel's earlier question about possible favorable treatment on the drug charges pending against Gardner was broad enough to encompass any pending assault charges against Gardner.

We find no error. Given defense counsel's confessed uncertainty regarding the status of the aggravated assault charge, it is unclear how defense counsel wished to question Gardner regarding any possible favorable treatment he might receive for his testimony. In any case, we agree with the trial court that defense counsel's question as to whether Gardner was receiving any favorable treatment on "pending charges" was broad enough to encompass any treatment on the charge on aggravated assault. The extent of cross-examination on this issue was in the trial court's discretion, and Donaldson's argument that he was denied his right to cross-examine Gardner regarding possible pending charges lacks merit. Compare *Hines v. State,* 249 Ga. 257, 259-260 (2) (290 SE2d 911) (1982). Moreover, even assuming that the court's limitation of Donaldson's questioning regarding pending charges was erroneous, in light of the overall strength of the prosecution's case, we conclude that any error was harmless beyond a reasonable doubt. See *Kinsman v. State,* 259 Ga. 89, 91-92 (7) (b) (376 SE2d 845) (1989).

Donaldson also argues that he should have been allowed to ques-

tion Gardner about the aggravated assault charge because it strengthened Donaldson's defense that he shot Gardner in self-defense. This argument also lacks merit because there is nothing in the record to indicate that Donaldson provided timely notice of his intent to present this evidence in accordance with Uniform Superior Court Rules 31.1 and 31.6 (B). Because Donaldson failed to provide the requisite notice, the trial court did not abuse its discretion in excluding the testimony. See *Barnes v. State*, 269 Ga. 345, 353 (14) (496 SE2d 674) (1998); *Young v. State*, 228 Ga. App. 233 (491 SE2d 404) (1997).

*Judgment affirmed. Smith and Miller, JJ., concur.*

DECIDED NOVEMBER 3, 1999.

*Ellis R. Garnett*, for appellant.
*Daniel J. Craig, District Attorney*, for appellee.