## S09A1649. COOK v. THE STATE.
### (689 SE2d 35)

HINES, Justice.

Terry O'Neal Cook appeals the denial of his motion for new trial and his convictions for malice murder, aggravated assault, and possession of a firearm during the commission of a felony in connection with the fatal shooting of Edward Lewis Mitchell and the wounding of Alex Lashawn Dunham and Christopher Kenta Anderson. Cook challenges the denial of a new trial and his convictions on the bases that the trial court erred in failing to admit evidence of specific acts of violence by the victims directed at third persons and in failing to allow defense counsel to impeach witnesses with certified copies of juvenile adjudications. Finding the challenge to be without merit, we affirm.[1]

The evidence construed in favor of the verdicts showed the

---

[1] The crimes occurred on March 22, 1997. On June 2, 1997, a Coweta County grand jury returned a seven-count indictment against Cook charging him with: Count 1 – the malice murder of Mitchell; Count 2 – the felony murder of Mitchell while in the commission of aggravated assault; Count 3 – possession of a firearm during the commission of murder; Count 4 – aggravated assault upon Dunham; Count 5 – aggravated assault upon Anderson; Count 6 – possession of a firearm during the commission of aggravated assault upon Dunham; and Count 7 – possession of a firearm during the commission of aggravated assault upon Anderson. Cook was tried before a jury August 4-7, 1997, and was found guilty on all counts. On August 7, 1997, he was sentenced to life in prison on Count 1; five years in prison on Count 3, to be served consecutively to the sentence imposed on Count 1; 20 years in prison on Count 4, to be served consecutively to the sentence imposed on Count 3; 20 years in prison on Count 5, to be served concurrently with the sentence imposed on Count 4; five years in prison on Count 6, to be served consecutively with the sentence imposed on Count 5; and five years in prison on Count 7, to be served consecutively with the sentence imposed on Count 6. The felony murder stood vacated by operation of law. Trial counsel filed a motion for new trial on Cook's behalf on September 2, 1997. On June 23, 2006, Cook filed a pro se motion for out-of-time appeal, which was denied on September 27, 2006. The motion for new trial was denied on October 5, 2006. On October 9, 2006, Cook filed a pro se notice of appeal from the denial of his motion for out-of-time appeal; this Court affirmed the denial on June 25, 2007. See *Cook v. State*, 282 Ga. 236 (647 SE2d 52) (2007). Through new counsel, Cook filed an amended motion for new trial on December 6, 2007. On January 7, 2008, Cook filed a "motion for an order allowing the defendant to file a motion for new trial and pursue an appeal out-of-time." On January 15, 2008, the trial court entered an order granting Cook permission to file an out-of-time motion for new trial. The motion for new trial was denied on May 27, 2009. A notice of appeal was filed on June 10, 2009, and the case was docketed in this Court on June 19, 2009. The appeal was

following. On the evening of March 22, 1997, Cook and a friend, Treyon Johnson, were walking from Johnson's house to a store in Newnan, when Edward Mitchell, Alex Dunham, and Chris Anderson drove into the store's parking lot and went into the store. Prior to entering the store, the three made gestures and remarks to Cook and Johnson, who continued to walk toward the store. Witnesses outside a nearby restaurant saw Cook "pull out" a handgun. Johnson "put his hand in front of" Cook, motioning him to "back-off," and Cook put away the handgun. After Mitchell, Dunham, and Anderson exited the store, they exchanged gestures and words with Cook and Johnson. Cook then pointed his pistol at Dunham, but withdrew it when a police car drove by. Dunham thought that everything was then okay, and he put his hands up, commenting to Cook, "ain't nobody gonna be shootin' nobody." Cook again pointed his pistol at Dunham and fired, wounding Dunham in the stomach. Mitchell attempted to hit Cook, and Cook shot Mitchell in the head, killing him. Anderson tried to run away, and Cook shot him in the foot and back as he was fleeing. All of the victims were unarmed.

1. The evidence was sufficient to enable a rational trier of fact to find Cook guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cook contends that the trial court erred in failing to admit certain evidence of specific acts of violence by the victims directed at third parties, as authorized by *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991).

As Cook readily acknowledges, he filed a pretrial notice of intent to claim justification and to present at trial evidence of three acts of violence by the victims; however, at trial he sought to introduce evidence of 18 other alleged acts of violence by the victims against third parties which were obtained from the victims' juvenile court records.[2] It is undisputed that the defense did not provide the State with written notice of the additional acts, and defense counsel conceded this at trial, but defense counsel argued to the trial court that the evidence was admissible because the State had verbally been given "proper notice" of the intent to present such acts. The State denied receiving any such oral notice, and the trial court refused to allow the acts into evidence after implicitly accepting the State's

---

submitted for decision on August 10, 2009.

[2] This Court need not address any questions which might arise from the fact that the incidents sought to be admitted into evidence were gleaned from juvenile court records inasmuch as the trial court's ruling was premised solely upon the issue of notice. Furthermore, it is noteworthy that approximately half of the reported 18 incidents of criminal behavior did not specify any violent act.

denial of notice and finding that there was no written notice.[3]

Uniform Superior Court Rule ("USCR") 31.6 (B)[4] provides that the notice to the State is to be in writing. Cook urges that the alleged oral notice was sufficient, and was the best that could be provided because defense counsel did not receive the victims' juvenile records until after filing the motion due to the State's refusal to voluntarily provide the records. It is true that a standard of substantial compliance has been applied in assessing the sufficiency of notice under USCR 31.6, in regard to specificity. *Darden v. State*, 271 Ga. 449, 451 (2) (519 SE2d 921) (1999); *Johnson v. State*, 229 Ga. App. 586, 590 (6) (a) (494 SE2d 382) (1997). However, even assuming that application of such standard is appropriate in this situation of the absence of any written notice, it does not aid Cook. First, as noted the delivery of any notice at all to the State is disputed. But, accepting arguendo that the defense did indeed provide the State with oral notice of the intent to present additional acts, there is no evidence that such notice contained any of the specific act or third-party information required by USCR 31.6. Under these circumstances of a complete lack of meaningful information, a notice of intent must be deemed insufficient. *Darden v. State*, supra at 451 (2); *Miller v. State*, 263 Ga. 723, 724 (2) (438 SE2d 81) (1994). To hold otherwise would be to foster the situation of a "battle by surprise," which the *Chandler* procedure sought to avoid. *Watkins v. State*, 264 Ga. 657, 662 (4) (449 SE2d 834) (1994). Thus, the evidence of the 18 additional acts was not erroneously excluded. *Armstrong v. State*, 265 Ga. 18, 19 (2) (453 SE2d 442) (1995).

3. Cook also contends that the trial court erred in refusing to allow his attorney to impeach Dunham with certified copies of his juvenile adjudications because Dunham had already "volunteered that [he] had been adjudicated in juvenile court." He argues that the protective concern behind "the rule of OCGA § 15-11-79.1"[5] was

---

[3] The trial court stated:

Okay, in this case you're claiming that there is a verbal notice, the State denies that there was a verbal notice. Obviously, the highest and best evidence that there was a notice would be a written notice, a notice in writing. So, in this case, since there's not a notice in writing of intent to use these acts, then the Court would not allow those in the trial of the case.

[4] USCR 31.6 (B) in pertinent part provides:

The notice shall be in writing, served upon the state's counsel, and shall state the act of violence, date, county and the name, address and telephone number of the person for each specific act of violence sought to be introduced. . . .

[5] OCGA § 15-11-79.1 provides:

The disposition of a child and evidence adduced in a hearing in the juvenile court may not be used against such child in any proceeding in any court other than for a proceeding for delinquency or unruliness, whether before or after reaching majority, except in the establishment of conditions of bail, plea negotiations, and

thereby alleviated, and that he was harmed when the trial court failed to allow such impeachment.

Cook fails to provide any citation to the record or to give any guidance as to where the alleged error occurred or what certified copies of convictions he contends should have been admitted to impeach Dunham. In any event, the trial transcript reveals that, rightly or wrongly, Cook was indeed permitted to attempt to discredit Dunham with his juvenile record. During cross-examination of Dunham, defense counsel argued to the trial court that Dunham had "somewhat opened the door" on his juvenile adjudications, and therefore, that it was appropriate to allow questioning on the matter. The State had no objection, and defense counsel was permitted, without limitation, to cross-examine Dunham about his times in a juvenile detention center; the defense did not tender certified copies of any juvenile records.[6]

Inasmuch as there is the lack of evidence of both error and harm, the enumeration of error is rendered meritless. *Inman v. State*, 281 Ga. 67, 73 (5) (635 SE2d 125) (2006).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010.

*Suellen Fleming*, for appellant.
*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney, Thurbert E. Baker, Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.

---

sentencing in felony offenses; and, in such excepted cases, such records of dispositions and evidence shall be available to district attorneys and superior court judges and the accused and may be used in the same manner as adult records.

[6] During this portion of cross-examination, the only mention of a certified copy of a juvenile adjudication came during a bench conference in which defense counsel referred to an incident of possession of a sawed-off shotgun, but then the prosecutor reminded defense counsel that such incident involved Anderson, not Dunham. Defense counsel acknowledged the error, and in fact, apologized to Dunham.