## A94A1576. SIMPSON v. THE STATE.
(448 SE2d 370)

BLACKBURN, Judge.

Appellant, Darren Martin Simpson, was convicted of aggravated assault, possession of a firearm during the commission of certain crimes, and possession of a firearm by a first offender probationer.

1. On appeal, Simpson first enumerates as error that the trial court erred in allowing the State to lead its own witness. As Simpson presents no argument or citation of authority on this enumeration of error, it is deemed abandoned pursuant to Court of Appeals Rule 15 (c). See *Brown v. City of Chamblee*, 211 Ga. App. 145 (3) (438 SE2d 396) (1993).

In his brief, Simpson argues it was not the leading questions which caused the harm, but rather the comments of the State's attorney in response to the objection made by Simpson's attorney to the leading questions. This contention was not enumerated as error, and "[o]n appeal an enumeration of error cannot be enlarged by brief to give appellant viability to an issue not contained in the original enumeration." (Citations and punctuation omitted.) *Bridges v. State*, 205 Ga. App. 664, 665 (1) (423 SE2d 293) (1992). Additionally, such an argument was not presented to and ruled upon by the trial court, and therefore, we will not consider it on appeal. See *Dietz v. Becker*, 209 Ga. App. 678, 679 (3) (434 SE2d 103) (1993); *Jones v. State*, 207 Ga. App. 46 (1), (4) (427 SE2d 40) (1993).

2. Simpson next contends the trial court erred in allowing the State's attorney to make the following statement during closing argu-

ment: "Domestic violence is a very serious problem. Very often victims of domestic violence do not want to prosecute, for whatever reason. They want their husbands back; they love them; they miss them; they need them; they need their money; they want help with raising their children. For whatever reason, it's very, very typical for a victim of a domestic violence case not to want to prosecute. That's why the decision is left to the State of Georgia and the District Attorney's office. Because if we left the decision of prosecuting domestic violence cases to the victim all the time we wouldn't see any domestic violence cases being prosecuted. What you would see is people being hurt over and over again without anything being done about it. . . . It is our job through the District Attorney's office to protect both society and the individual when we can. But in this particular case, the interests of society have to come before the interests of the victim."

Simpson was accused of assaulting his long-time live-in girl friend and the mother of his children with a firearm. At trial, two eyewitnesses specifically testified that during an argument, Simpson pulled the gun from the back of his pants and shot the victim from close range (two to three feet away), while the victim was facing him. The victim admitted she was arguing with Simpson at the time she was shot, but testified that because she was intoxicated, she did not know who shot her. Additionally, the victim testified she wished Simpson could return home with her that day and that they could get back together.

"Because a crime is by definition a public wrong against the State, it is not usually an acceptable defense that the person wronged by a criminal has condoned the offense. [Cit.]" *Pratt v. State,* 167 Ga. App. 819, 820 (307 SE2d 714) (1983). Therefore, it was not error for the prosecutor to inform the jury that the victim's desire that Simpson not be convicted of the crimes charged should have no effect on their duty to decide the case on the evidence presented. *Chambers v. State,* 134 Ga. App. 53, 54 (213 SE2d 158) (1975); see also *Cooper v. State,* 260 Ga. 549, 550 (3) (397 SE2d 705).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1994 —
RECONSIDERATION DENIED SEPTEMBER 7, 1994.

*Stanley C. House,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.