S97A0110. AGNEW v. THE STATE.
(481 SE2d 516)

THOMPSON, Justice.

A jury convicted Carnell Agnew of malice murder and felony murder with the underlying felony of aggravated assault, in the shooting death of Max Rister.[1] Agnew appeals from the judgment of conviction and sentence entered on the verdict, asserting that the trial court erroneously charged the jury on the law of conspiracy.

---

[1] The victim was shot on July 7, 1994; he died on November 7, 1994. The indictment was returned on January 10, 1995. Trial commenced on October 30, 1995, and on November 1, 1995, Agnew was found guilty of both malice and felony murder. Following a sentencing hearing on the same day, the trial court merged the murder convictions and Agnew was sentenced to life imprisonment for malice murder, to be served consecutive to any sentences then being served. A motion for new trial was filed on November 15, 1995, amended on August 20, 1996, and denied on August 26, 1996. A notice of appeal was filed on September 23, 1996. The case was docketed in this Court on October 9, 1996, and submitted for decision on briefs on December 2, 1996.

Finding no error, we affirm.

Police responded to a call at the Holiday Inn in Dublin, Georgia, where they found the victim lying on the floor of the motel office with two gunshot wounds to his abdomen. He was able to tell the officers that two men, wearing ski masks, attempted to rob him and then shot him as he tried to flee. Although the face of one of the perpetrators was concealed by the mask, the victim stated that the other perpetrator wore an open ski mask which did not conceal his face, and a green Army-type hat. The victim identified Agnew as this assailant from a photographic display, and he confirmed the identification from a second photograph of Agnew. The victim died several months later as a result of the gunshot wounds.

Agnew was taken into custody and advised of his *Miranda* rights. He executed a written waiver, and made a statement to the officers as follows: He had driven to the Holiday Inn along with James Woodard, Glynnis Ellington, and a fourth man. Agnew and Woodard got out of the car, walked around the corner, "got up against" the victim, and demanded his wallet, while Ellington served as a lookout. The victim pushed Agnew and attempted to run away, whereupon Woodard shot the victim twice. Agnew disclosed to the officers that Woodard wore a ski mask and that he (Agnew) wore a green Army-type hat.

Agnew testified in his own defense at trial, giving a different account of the events. He denied any plan to perpetrate a crime, but claimed that he and the others went to the Holiday Inn to check into a room, and they parked in the back of the building (not in proximity to the office). He admitted that Woodard was wearing a ski mask and carried a .22 caliber pistol, but he denied wearing a ski mask himself. He claimed that as he and Woodard walked behind the back of the motel, the victim was walking towards them and he bumped into Agnew; that the victim pushed Agnew; that Woodard drew a pistol and fired the first shot; and that he (Agnew) proceeded to run away when he heard a second shot fired.

1. Having reviewed the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Agnew guilty beyond a reasonable doubt of the malice murder of Max Rister. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In order to establish a conspiracy, the "state need only prove that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective." *Duffy v. State*, 262 Ga. 249, 250 (1) (416 SE2d 734) (1992). A conspiracy may be inferred from "the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances." *Flynn v. State*, 255 Ga. 415, 417 (339 SE2d 259) (1986). Evidence that

Agnew and his companions set out together armed with a pistol and equipped with ski masks in July, and drove to the rear of the motel to find a victim, while one acted as lookout, certainly raises the inference of a conspiracy. " 'When the evidence tends to show a conspiracy, a charge upon the subject is not error even if not alleged in the indictment.' " *Jones v. State*, 243 Ga. 820, 830 (11) (256 SE2d 907) (1979). Indeed, "the trial court has a duty, even in the absence of a request, to charge the jury the law as to every substantial and vital issue in the case. . . ." *Hull v. State*, 265 Ga. 757, 762 (12) (462 SE2d 596) (1995). A charge on the law of conspiracy was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1997.

*Harold D. McLendon,* for appellant.

*Ralph M. Walke, District Attorney, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General,* for appellee.