A99A1625. JOHNSON v. THE STATE.
(530 SE2d 519)

RUFFIN, Judge.

A Richmond County jury convicted Anthony Johnson of first degree arson. On appeal, Johnson contends that the trial court erred in denying his *Brady*[1] motion and in failing to order the State to produce prior, inconsistent statements made by several State witnesses. For reasons that follow, we affirm.

---

[1] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

The relevant facts follow. On September 14, 1991, while at Cumberland Apartments, Johnson, Dwayne Williams, and Valdez Lamkin decided to "scare" apartment manager Frank Olive by throwing Molotov cocktails into his apartment because of an alleged derogatory comment he made. Johnson and Williams went to a gas station, and Williams pumped gasoline into a container while Johnson paid for the gas. The two returned to the apartment of Michelle Imler, and Williams assembled four Molotov cocktails using Coke bottles, gasoline, and socks that Johnson obtained from Imler.

The Molotov cocktails were handed to Valdez and to three juveniles who happened to be at Imler's apartment. The group proceeded to Olive's apartment building, where Johnson and Williams poured the leftover gasoline on the stairway and landing leading to Olive's second-story apartment and set it on fire. Two of the Molotov cocktails were thrown into Olive's bedroom, where he slept with his girlfriend, Janice Osmundson.[2] Although Osmundson managed to escape from the burning apartment, Olive did not and died of smoke inhalation.

Investigator Keith McGarity of the Richmond County Sheriff's Department arrived at the scene the night of the fire. He attempted to interview several bystanders. According to McGarity, all the witnesses except Osmundson either refused to comment or stated that they did not know anything about the fire. McGarity took notes from his conversations but did not tape record any interviews. McGarity later interviewed several participants, including Johnson. According to McGarity, he provided all the notes from his interviews to the district attorney's office, but the notes apparently were not provided to Johnson's attorney.

When McGarity interviewed Johnson, he gave a statement implicating himself, Williams, and Lamkin, as well as several of the juveniles. Johnson, Williams, and Lamkin were charged with two counts of murder, arson, aggravated assault, and criminal possession of incendiary materials. Williams pled guilty to arson and voluntary manslaughter and testified against Johnson and Lamkin, who were tried jointly. Both Johnson and Lamkin testified in their own defense and admitted participating to some degree in the venture, but both denied either intentionally harming Olive or actually starting the fire. Lamkin admitted throwing a Molotov cocktail but said that it hit a brick wall and did not go through the window. Johnson's statement to McGarity was also tendered into evidence. The jury convicted Johnson and Lamkin of arson but acquitted them of the remaining charges.

---

[2] It is unclear from the record who actually threw the Molotov cocktails that landed in the apartment.

In two claims of error, Johnson argues that the trial court erred in denying his *Brady* motion. Johnson contends that, under *Brady*, he was entitled to McGarity's notes from his interviews of the participants. According to Johnson, at least three of the juvenile participants who testified at trial initially gave McGarity statements that were inconsistent with their trial testimony. Johnson contends that he was denied a fair trial because he was unable to impeach these witnesses with their prior statements. We disagree.

In order to establish a violation of *Brady*, Johnson must demonstrate that: (1) the State had evidence favorable to his defense; (2) he did not have the evidence nor could he have obtained the evidence with any reasonable diligence; (3) the State suppressed the evidence; and (4) had the evidence been disclosed to him, there exists a reasonable probability that the outcome of the trial would have been different.[3] Johnson fails to satisfy these elements.

McGarity testified that initially, the juveniles denied knowledge of or involvement in the fire. In subsequent interviews, the witnesses still refused to implicate anyone in the crime. At trial, however, the juveniles testified in detail regarding their involvement in the events leading up to the fire that killed Olive, but only one of the juvenile witnesses implicated Johnson in the crime.

Contrary to Johnson's contention, there is no *Brady* violation. *Brady* requires that the State disclose evidence that is favorable to the defense.[4] It does not require that the information be provided before trial. Here, McGarity's trial testimony informed jurors that the juveniles initially had denied knowledge of or involvement in the crime. Thus, the State disclosed the requisite information to Johnson. Unless Johnson can show that the State's failure to disclose this information prior to trial deprived him of a fair trial, his claim of error must fail.[5]

We fail to see how the State's failure to provide the information prior to trial deprived Johnson of a fair trial. As an initial matter, only one of the juvenile witnesses implicated Johnson in the crime. Thus, we question whether Johnson would have benefitted from impeaching the other juvenile witnesses. Moreover, we note that the witnesses' earlier statements in which they denied participating in the crime were made in their own interests. At trial, the witnesses acknowledged participating, to some degree, in the incident. We find it unlikely that the jurors would assign more credence to the witnesses' earlier, self-serving statements, rather than to their self-implicating trial testimony. Even if the jurors were prone to believing

---

[3] *Burgeson v. State*, 267 Ga. 102, 104 (2) (475 SE2d 580) (1996).

[4] *Dennard v. State*, 263 Ga. 453, 454 (4) (435 SE2d 26) (1993).

[5] Id.

the prior statements, the jurors were aware of them. Under these circumstances, we fail to see how the result of the trial might have been different if Johnson had been given the prior inconsistent statements before trial.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 7, 2000.

*Stanley C. House*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.