## A00A1371. HUDSON v. THE STATE.
(539 SE2d 860)

RUFFIN, Judge.

Arthur Hudson was convicted of armed robbery and kidnapping. He appeals, asserting several enumerations of error. For reasons discussed below, we affirm.

1. In three enumerations, Hudson challenges the sufficiency of the evidence presented at trial. However, Hudson has failed to include a statement of facts in his brief, as required by Court of Appeals Rule 27 (a) (1), and has failed to cite to, or even mention, any facts in the argument section of his brief, as required by Court of Appeals Rule 27 (c) (3). As we have reiterated time and time again, this Court will not cull the record in search of error on behalf of a party.[1] Because Hudson has not supported these enumerations with appropriate citations to the record or to authority, they are deemed abandoned.[2]

2. Hudson contends that the trial court erred in giving a recharge on recent possession. His one-sentence "argument" states that "[t]he repetition of the recent possession charge alone and out of the context of the remainder of the charge served to overemphasize that principle and negate the application of the other legal theories described in the charge." However, Hudson does not provide any record citations to the objectionable charge, does not discuss the substance of the charge or show that it was given "alone" or "out of context,"[3] does not show that he objected to the charge, does not provide

---

[1] See *Cobb v. State,* 236 Ga. App. 265, 268 (3) (a) (511 SE2d 522) (1999).
[2] See id.
[3] Although Hudson did not cite to the disputed charge, we have reviewed the relevant portion of the record, which suggests that Hudson has misrepresented the nature of the recharge. The court did not, as Hudson states, repeat the recent possession charge "alone

any argument showing how the charge "negated" other legal theories, and does not even mention what those other theories might be. This is not the type "argument" necessary to preserve an issue for appellate review.[4]

3. Finally, Hudson asserts that, while giving an *Allen* charge to the jury, the trial court violated OCGA § 17-8-57 by using the word "convicted" instead of "convinced."[5] However, the supplemental transcript indicates that the word was simply misspelled in the original transcript, and that the trial court actually used the word "convinced." In any event, Hudson failed to object to any alleged violation of OCGA § 17-8-57, and has thus waived this issue for appeal.[6]

4. We take this opportunity to remind all attorneys — including those appointed due to a defendant's indigence — that our appellate rules are designed to facilitate the consideration of enumerated errors, and that compliance with such rules is not optional. As discussed above, the brief in this case did not contain a statement of facts, which makes it difficult to determine what this case is even about, much less allow this Court to perform any meaningful analysis of the asserted errors. We find it difficult to see how an attorney could file an appeal of a criminal conviction, challenging in part the sufficiency of the evidence, and not provide even a minimal discussion of the facts to acquaint the appellate court with the nature of the case. The absence of any factual context makes it almost impossible to give any thoughtful consideration to the asserted errors, especially where the record includes over 1,000 pages of transcript covering two separate jury trials.

The "argument" section of the brief is no more illuminating than the nonexistent discussion of the facts. Each enumeration is supported by no more than one paragraph of "argument" — for two of the enumerations, it is only one sentence. As discussed above, one of these one-sentence arguments misrepresents the nature of a jury instruction, and fails to cite to that portion of the record where the misrepresentation may be discovered. Two of the enumerations are lumped together, in violation of Court of Appeals Rule 27 (c) (1). There is not a single citation to authority (other than a bare citation,

---

and out of context." To the contrary, the court recharged the jury on the presumption of innocence, the burden of proof, the definition of reasonable doubt, the definition of armed robbery, and the definition of kidnapping. The instruction on recent possession was included as part of the instruction on armed robbery, and was not given "alone," as Hudson asserts.

[4] See *Clark v. Stafford*, 239 Ga. App. 69, 74 (4) (522 SE2d 6) (1999).

[5] Hudson's entire "argument" on this enumeration is as follows: "The Honorable Trial Court's use of the word 'Convicted' suggests an illegal impression of opinion from the bench that this jury should 'Convict' this Defendant. O.C.G.A. 17-8-57."

[6] See *Crowe v. State*, 265 Ga. 582, 594 (19) (458 SE2d 799) (1995) (question of whether OCGA § 17-8-57 has been violated is not reached unless objection or motion for mistrial is made).

without elaboration, to OCGA § 17-8-57), no discussion of the facts, and certainly nothing that would merit the description "legal argument." Moreover, there is no statement of the applicable standard of review or of the manner in which errors were preserved, as required by Court of Appeals Rule 27 (a).

Although we recognize that criminal defense attorneys are often required to file appeals where there is no reasonable expectation of reversal, this provides no excuse for a disregard of appellate rules designed to facilitate the consideration of enumerated errors.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 27, 2000 —
RECONSIDERATION DENIED OCTOBER 11, 2000.

*James W. Bradley*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.

