## A01A0916. THURMAN v. THE STATE.
(547 SE2d 715)

ELDRIDGE, Judge.

A Clayton County jury convicted defendant Quinton Louis Thurman of one count of aggravated assault, four counts of terroristic threats, three counts of criminal use of an article with an altered identification mark, three counts of carrying a concealed weapon, one count of possession of a firearm during the commission of a felony, and one count of violation of the Georgia Controlled Substances Act. He was sentenced concurrently to 15 years to serve. The defendant appeals, contending that the superior court erred in denying his motion for recusal at the motion for new trial hearing grounded upon the claim that the State's attorney had formerly been employed as the court's law clerk; that the superior court erred in charging the law of conspiracy and the law concerning the criminal use of an article having an altered identification mark for want of any evidence thereof; and that the evidence was insufficient to support his conviction of aggravated assault. Finding these claims of error to be without merit, we affirm. *Held*:

1. The superior court did not err in refusing Thurman's motion to recuse made at the hearing on the motion for new trial. The motion was untimely made.

"Motions to recuse must be timely, i.e., made as soon as the facts demonstrating the basis for disqualification become known. [Cit.]" (Punctuation omitted.) *Pope v. State*, 256 Ga. 195, 214 (26) (345 SE2d 831) (1986), overruled on other grounds, *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999). Uniform Superior Court Rule 25.1 provides that such motions must be made "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification," unless good cause is shown. In this case, trial ended on December 20, 1999. On September 5, 2000, defendant, through counsel, filed his motion for recusal, seeking to disqualify the superior court from hearing his motion for new trial upon the claim that, on an unspecified date after trial, he first learned that the prosecutor had formerly been the trial judge's law clerk. Trial counsel, however, supported his motion for recusal by the defendant's affidavit, dated February 8, 2000, in which defendant likewise stated that he had learned of the prosecutor's former employment after trial. On these facts, it is evident that defendant, at the very latest, knew of the prosecutor's status as the trial judge's former law clerk on February 8, 2000. The defendant, having known that he had a possible basis for recusal shortly after he was tried, failed to raise the issue in a timely manner and filed his motion for recusal approximately seven months after trial. Id.; *Gillman v. State*, 239 Ga. App. 880, 883 (2) (b) (522 SE2d 284) (1999). The defendant has therefore failed to preserve this issue

for review. *Harris v. State*, 202 Ga. App. 618, 623 (7) (414 SE2d 919) (1992).

Even were this not the case, the trial judge was under no duty to disclose that the State's attorney had formerly been his law clerk as a possible basis for recusal. Such employment ended two years before the instant case was tried and before it was pending in the district attorney's office. See *Pope v. State*, supra (in circumstances where trial judge's law clerk has accepted employment in the district attorney's office then prosecuting case before the trial judge, trial judge ideally should disclose such future employment on the record, or, at a minimum, excuse his or her law clerk from any further participation in the case).

2. (a) The superior court did not err in charging the jury on the law of conspiracy.

> In order to establish a conspiracy, the state need only prove that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective. A conspiracy may be inferred from the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances.

(Citations and punctuation omitted.) *Agnew v. State*, 267 Ga. 589, 590-591 (2) (481 SE2d 516) (1997). There is evidence of record showing that the defendant and his co-defendants arrived together in a black car at the home of the victims in this case, a mother and her children. The car stopped, and all its windows came down. With a pistol at first held in his lap as he sat in the driver's seat, the defendant asked the mother, "[B]itch, what are you gonna do, which one of y'all say y'all were going to kill me, kill us?" Thereafter and now pointing a pistol at the mother which he had been given by a co-defendant passenger, the defendant threatened her saying, "[W]hat y'all want to do, die, say, all y'all want to die, y'all want to die[?]" Defendant's co-defendants then got out of the car, pulled their weapons, "and stood over the top of the car cowboy style and asked, 'who want to die?'" This certainly was sufficient to raise an inference of conspiracy. It is not error to charge on the subject of conspiracy when the evidence tends to show a conspiracy, even if a conspiracy is not alleged in the indictment. Id. at 591. Moreover, "the trial court has a duty, even in the absence of a request, to charge the jury the law as to every substantial and vital issue in the case." *Hull v. State*, 265 Ga. 757, 762 (12) (462 SE2d 596) (1995), overruled on other grounds, *Woods v. State*, 269 Ga. 60, 63 (3) (495 SE2d 282) (1998). The charge on the law of conspiracy was authorized by the evidence.

(b) Neither did the superior court err in charging the jury con-

cerning the criminal use of an article with an altered identification mark. "[W]hen there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to the issue." (Citations and punctuation omitted.) *Russell v. Superior K-9 Svc.*, 242 Ga. App. 896, 898 (2) (531 SE2d 770) (2000). OCGA § 16-9-70 (a), criminal use of an article with an altered identification mark, requires knowledge and intent as essential elements of the offense. See *Power v. State*, 260 Ga. 101 (390 SE2d 47) (1990); *Blair v. State*, 144 Ga. App. 118 (240 SE2d 319) (1977); *Rogers v. State*, 139 Ga. App. 656 (229 SE2d 132) (1976). The defendant and his co-defendants were arrested in possession of seven weapons, the serial numbers on each having been removed, immediately after confronting their victims. This constitutes circumstantial evidence of the offense sufficient to authorize the charge complained of. "[K]nowledge or scienter may be proved, like any other fact, by circumstantial evidence. [Cits.] Even though knowledge is denied by the defendant, [as here, a] jury would be authorized to return a verdict of guilty based upon the facts of the case. [Cits.]" Id. at 657 (1).

3. While the defendant denied pointing a pistol at the mother as set out in Division 2 (a), "[c]onflicts in the testimony of the witnesses . . . [are] a matter of credibility for the jury to resolve." (Citations and punctuation omitted.) *Jones v. State*, 220 Ga. App. 161, 162 (469 SE2d 300) (1996). Viewed in the light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to find the defendant guilty of aggravated assault by pointing a pistol at another. OCGA § 16-5-21 (a) (2); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2001 —
RECONSIDERATION DENIED APRIL 26, 2001 

*Michael B. King*, for appellant.
*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.