## A01A1016. GINN v. THE STATE.
### (553 SE2d 839)

MILLER, Judge.

Christopher Ginn appeals from his conviction for criminal trespass. He claims that the trial court erred by admitting into evidence a statement given to the police by his wife and further claims that there was insufficient evidence to sustain his conviction. Discerning no error in the admission of the evidence and further finding the evidence sufficient to support the conviction, we affirm.

Viewed in the light most favorable to the verdict, the record reveals that on April 24, 2000, Ginn got into an argument with his wife after she returned home from dinner with her children. Ginn was drunk when his wife arrived and suddenly flew into a rage when he could not find any drugs in the house. During the argument, he grabbed a computer keyboard, which was a family gift from Mrs. Ginn's mother, and destroyed it by throwing it outside.

The police arrived after Ginn ran away from the house and took a statement from Mrs. Ginn about the events that had just occurred. They then took a statement from Mrs. Ginn's 14-year-old son, who had also witnessed the entire incident. Ginn then returned to the house, still appearing to be drunk, and the police arrested him. Mrs. Ginn never recanted her statement to the police.

Prior to trial, Mrs. Ginn invoked the marital privilege and refused to testify against her husband. Ginn moved to exclude the statement that Mrs. Ginn gave to the police, claiming that it was hearsay. The court denied the motion, ruling that the unavailability of the witness, the reasonableness in time from the event that the statement was given, and the reliability of the statement made it admissible under an exception to the hearsay rule.

At trial, Ginn moved for a directed verdict, claiming that he could not be convicted of criminal trespass since the computer keyboard that was destroyed during the dispute in his home was not the property of another person as required by OCGA § 16-7-21 (a). The court denied the motion, ruling that the jury could reasonably conclude that someone other than Ginn had a property interest in the keyboard with which Ginn had no right to interfere.

1. "The admission of evidence is [a matter] committed to the sound legal discretion of the [trial] judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion."[1] Ginn argues that the trial court abused its discretion by admitting into evidence his wife's statement to police about the incident at his home since this statement was hearsay and did not fall

---

[1] (Citation and punctuation omitted.) *Conyers v. State*, 234 Ga. App. 830, 832 (1) (507 SE2d 842) (1998); accord *Bradford v. State*, 221 Ga. App. 232, 234 (2) (471 SE2d 248) (1996).

under any exception to the hearsay rule. We disagree.

Hearsay may be admitted under the specific exception of necessity.[2] In order for hearsay evidence to be admissible under this exception, it must be (1) necessary, in that the declarant is unavailable to testify and the statement is relevant to a material fact and more probative than other evidence that may be offered, and (2) trustworthy, in that the statements involved are surrounded by particularized guarantees of trustworthiness.[3]

The evidence in this case met both prongs of the necessity test and was properly admitted. The first prong was met since Mrs. Ginn was unavailable as a witness, as she had invoked the marital privilege and refused to testify against her husband,[4] her statement was relevant to the issue of Ginn damaging items in the house, and her statement was more probative than other evidence that could be offered since she was the actual victim in this case. The second prong was met because the statement was surrounded by particularized guarantees of trustworthiness, in that it was made to police in the course of an official investigation on the same night as the incident, and Mrs. Ginn never recanted the statement or indicated that it was inaccurate in any way.[5]

2. Ginn further argues that the trial court erred by denying his motion for a directed verdict because there was insufficient evidence to show that the damaged computer keyboard was the property of another person. A directed verdict is proper only "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or not guilty as to the entire offense or to some particular count or offense. . . ."[6]

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent

---

[2] OCGA § 24-3-1 (b).

[3] *Clark v. State*, 271 Ga. 6, 10 (5) (515 SE2d 155) (1999).

[4] See *Higgs v. State*, 256 Ga. 606, 608 (4) (351 SE2d 448) (1987).

[5] See *Johnson v. State*, 273 Ga. 345, 347-348 (5) (541 SE2d 357) (2001).

[6] (Punctuation omitted.) OCGA § 17-9-1 (a).

evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[7]

Since a jury could reasonably conclude that Ginn was guilty of the offense as charged, we affirm the conviction.

"A person commits the offense of criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less. . . ."[8] The evidence revealed that the keyboard that Ginn damaged during the dispute with his wife was a gift to the family from Mrs. Ginn's mother. A jury could reasonably conclude from this evidence that the keyboard was not Ginn's property alone, and that his damaging of the property would make him guilty of criminal trespass.[9]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 9, 2001.

*Stephen T. Smith*, for appellant.
*Keith C. Martin, Solicitor-General, Michael T. Lesutis, Assistant Solicitor-General*, for appellee.

---

[7] (Citations and punctuation omitted.) *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

[8] OCGA § 16-7-21 (a).

[9] Cf. *Rash v. State*, 182 Ga. App. 655 (356 SE2d 719) (1987) (conviction for criminal damage to property of another person upheld despite conflicting evidence that defendant may have had some property interest in the damaged property); see also *Jones v. State*, 236 Ga. App. 716, 717 (1) (513 SE2d 254) (1999) (In a criminal trespass case, "the State [does] not have to prove the actual ownership of the [property], only that the [property] belonged to someone other than [the defendant].").