## A01A1024. BRADLEY v. THE STATE.
(556 SE2d 201)

BLACKBURN, Chief Judge.

Following a jury trial, Alfred Bradley appeals his conviction for aggravated stalking, contending that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Bradley] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Barber v. State.*[1]

Viewed in this light, the record shows that, on March 22, 1998, Gwynette Holmes contacted the police and complained that she had received threatening phone calls from Bradley. While the responding officer was at Holmes' residence, Bradley telephoned and told Holmes that he was coming over and that Holmes had better call the police. Approximately ten minutes later, Bradley arrived at the residence and was arrested.

Subsequently, a restraining order was issued which forbade Bradley from contacting Holmes. However, both Holmes and Bradley ignored the restraining order and contacted one another on several occasions. One month after the restraining order was issued, Holmes called 911 to report that she had "a restraining order on Alfred Bradley and [that] he's out here at the apartment walking around; he is on foot . . . and he said he was going to kill me." Holmes also told the dispatcher that Bradley knocked on her window and entered the apartment, holding a screwdriver.

The evidence was sufficient to support Bradley's conviction for aggravated stalking. A defendant commits the *misdemeanor* offense of stalking when he: "follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-90 (a) (1). The offense is aggravated, and becomes a *felony*, where a defendant takes such actions in violation of a restraining order. OCGA § 16-5-91 (a). Here, the evidence shows that, following the issuance of a valid restraining order, Bradley wilfully violated that order by contacting Holmes. As such, the felony

---

[1] *Barber v. State*, 235 Ga. App. 170 (509 SE2d 93) (1998).

conviction in this case was both authorized and proper.

Bradley nonetheless argues that the facts of this case support, at best, only a conviction for misdemeanor stalking because Holmes had previously consented to his contact, thereby vitiating the restraining order. Bradley contends that, since both parties previously ignored the restraining order, the order could not "reasonably be considered to exist in the instant case, and without it, the evidence was insufficient as a matter of law." He further claims that the State's reliance on the restraining order to aggravate the stalking offense constituted inappropriate selective enforcement of that order. Bradley's arguments have no merit.

The restraining order was both valid and enforceable at the time of Bradley's arrest, notwithstanding the parties' alleged violations of such order. Parties cannot, on their own, extinguish a court order — an order may be modified or vacated only by the court or by operation of law. If Bradley believed the order should not apply to him by virtue of his ongoing relationship with Holmes, he should have sought for modification of the order. See *Gen. Teamsters Local Union &c. v. Allied Foods*[2] ("[i]f the defendant is in doubt as to what acts he may or may not do under the [restraining] order, he should request a modification or construction of its terms. If he proceeds under his own construction, he does so at his own peril"). See also *Smith v. Gwinnett County*.[3] At the time of the incident, the restraining order was valid and prohibited Bradley from contacting Holmes.

Furthermore, there was no improper "selective enforcement" of the restraining order in this case. Pretermitting the issue of whether the State may selectively enforce a restraining order,[4] we find that no such selective enforcement occurred in this case. The State cannot enforce restraining orders until it knows that such orders have been violated. Here, there is no evidence that the State was informed of any violation prior to Holmes' call to 911 when Bradley entered her residence with a screwdriver and threatened to kill her. We have previously affirmed aggravated stalking convictions where the applicable restraining order had previously been ignored by both parties. See, e.g., *Littleton v. State*[5] ("[a]lthough the victim and the children allowed Littleton to enter the victim's home prior to the night of April 3, the evidence showed that Littleton on that date did not have permission to come inside the victim's home"). Thus, the restraining order was valid, enforceable, and properly relied upon by the jury to

---

[2] *Gen. Teamsters Local Union &c. v. Allied Foods*, 228 Ga. 479, 481 (2) (186 SE2d 527) (1971).

[3] *Smith v. Gwinnett County*, 268 Ga. 179, 181 (1) (486 SE2d 151) (1997).

[4] Bradley cites no authority for this argument.

[5] *Littleton v. State*, 225 Ga. App. 900, 903 (4) (485 SE2d 230) (1997).

aggravate Bradley's offense of stalking.

Finally, we note that Holmes' desire for a reversal is immaterial. "Because a crime is by definition a public wrong against the State, it is not usually an acceptable defense that the person wronged by a criminal has condoned the offense." (Punctuation omitted.) *Simpson v. State.*[6]

The evidence supported a jury finding that Bradley committed the offense of aggravated stalking.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 5, 2001.

*Harold B. Baker*, for appellant.

*J. David Miller, District Attorney, Laura E. Anderson, Assistant District Attorney*, for appellee.

---

[6] *Simpson v. State*, 214 Ga. App. 587, 588 (2) (448 SE2d 370) (1994).