A02A1217. ELLIS v. THE STATE.
(571 SE2d 198)

RUFFIN, Presiding Judge.

A jury found Rodrik Ellis guilty of aggravated assault, aggravated stalking, and possession of a firearm during the commission of a crime. On appeal, Ellis challenges the sufficiency of the evidence. He also asserts the trial court erred in admitting into evidence hearsay testimony and his custodial statement, which he contends was involuntary. Ellis's assertions of error lack merit, and we affirm.

Viewed in a light favorable to the jury's verdict, the evidence demonstrates that Ellis had a troubled relationship with 16-year-old Monique Shuffler. According to Monique's mother, Cecilia Shuffler, there were several incidents during which Ellis became violent around Monique, who appeared to fear Ellis. On one occasion, Cecilia Shuffler came home to discover Monique with a bleeding lip and Ellis hiding under Monique's bed. On another occasion, Cecilia Shuffler returned home after an incident between Ellis and Monique and found holes punched through the walls of her house and a broken mirror. At some point, Cecilia Shuffler obtained a warrant to keep Ellis away from her daughter. Evidently, Ellis disregarded the warrant, prompting Cecilia Shuffler to call the police on numerous occasions.

The night of July 19, 1999, Monique was working at a drug store near her house when Ellis appeared at the store and spoke to her. A store security guard arrived and ordered Ellis to leave. According to Ellis, the guard thought he and Monique were having an argument. Rather than walking home, Monique called her mother, who drove her back to the house. Unbeknownst to Cecilia Shuffler, Monique had made arrangements to meet Reginald Walker after work. Walker drove to Monique's house and waited for her to come outside. As Monique approached the car, Walker heard her scream. At the same time, someone opened Walker's car door and ordered him to "get the f-ck on" before shooting him in the neck.

Although Walker was unable to identify his assailant, Ellis was subsequently arrested and charged with aggravated assault for shooting Walker; possession of a firearm during the commission of a crime; and aggravated stalking for following Monique Shuffler into her place of employment in violation of a court order. Ellis provided a statement to police in which he admitted that he pulled a gun on Walker and told him to "get the f-ck on," claiming that the gun just

"went off." According to Ellis's statement, he thought the shot "had gone out the window," and he did not realize Walker had been shot. At trial, however, Ellis testified that he had not shot Walker, asserting that he only admitted to the crime under pressure from the police. With respect to the aggravated stalking charge, Ellis admitted that he had shown up at Monique's place of employment despite knowledge that he was not supposed to contact her.

1. In his first enumeration of error, Ellis contends that the trial court erred in admitting "the hearsay statements of Monique Shuffler." The purported hearsay is a witness statement that she gave to police implicating Ellis in Walker's shooting. At trial, however, Monique was unavailable to testify. Cecilia Shuffler testified, "I sent [Monique] to Miami" because "I was afraid for . . . her life." Although the district attorney's office attempted to locate Monique by contacting relatives in Florida, it was unable to find her. The trial court concluded that Monique's statement to police was, thus, admissible under the necessity exception to the prohibition against hearsay.

"The admission of evidence is a matter committed to the sound legal discretion of the trial judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion."[1] Even hearsay may be admitted under the exception of necessity.[2] In order to fall within this exception, such hearsay must be both "(1) necessary, in that the declarant is unavailable to testify and the statement is relevant to a material fact and more probative than other evidence that may be offered, and (2) trustworthy, in that the statements involved are surrounded by particularized guarantees of trustworthiness."[3]

Here, Ellis contends that the statement was inadmissible because the State failed to present sufficient evidence that it made a diligent effort to find Monique, which is a prerequisite to meeting the necessity requirement.[4] Pretermitting whether the State presented sufficient evidence, we find no cause for reversal. After Monique gave a statement implicating Ellis, he essentially admitted to committing the crimes. Under these circumstances, any error in admitting Monique's statement is harmless.[5]

2. Ellis also contends that the trial court erred in admitting his custodial statement into evidence, which he argues was involuntary. Prior to admitting the statement, the trial court conducted a *Jackson-Denno* hearing. Detective Timothy Hunt testified that Ellis,

---

[1] (Punctuation omitted.) *Ginn v. State*, 251 Ga. App. 159 (1) (553 SE2d 839) (2001).
[2] See id. at 160.
[3] Id.
[4] See *Harris v. State*, 274 Ga. 422, 425 (5) (554 SE2d 458) (2001).
[5] See id. at 426.

when informed of his *Miranda* rights, appeared lucid and calm and that he asked no questions before waiving his rights. According to Hunt, he neither threatened Ellis nor made any promises to him to induce him to make the statement. Similarly, Detective Buice testified that Ellis had not been threatened or cajoled into giving a statement. Ellis, on the other hand, testified that he was unable to understand his *Miranda* rights. He furthermore maintained that he informed the officers that he did not want to talk to them, but was bullied into making a statement. The trial court concluded that Ellis's testimony was not credible and admitted the statement.

"The trial court sits as the factfinder in a *Jackson-Denno* hearing, and its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous."[6] Here, the trial court clearly resolved the factual disputes adversely to Ellis. As there was evidence supporting the trial court's conclusion, we cannot say that the court erred in admitting the statement.[7]

3. Finally, Ellis challenges the sufficiency of the evidence supporting his convictions for aggravated stalking and aggravated assault.[8] In reviewing such challenge, we view the evidence in the light most favorable to the jury's verdict.[9] Ellis no longer enjoys a presumption of innocence, and we will uphold the verdict so long as "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[10]

(a) A person commits the offense of aggravated stalking when he "follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person" in violation of a court order.[11] According to Ellis, the evidence was insufficient to prove this offense because the court order upon which the State relied did not specify that he was to stay away from Monique Shuffler. The warrant provided "[t]hat, as a condition of the granting and continuance of said bond, the Defendant . . . [s]tay away, absolutely, directly or indirectly, by person and telephone, from the person, home[,] job and school of . . . Monique Shuffler." Monique's name was handwritten on the warrant. However, whoever completed the warrant failed to check the blank space next to this condition of bond.

---

[6] *York v. State*, 242 Ga. App. 281, 292 (6) (528 SE2d 823) (2000).

[7] See *Stephens v. State*, 233 Ga. App. 32, 35 (3) (503 SE2d 311) (1998).

[8] Because Ellis has failed to provide any argument with regard to the sufficiency of the evidence supporting his conviction for possession of a firearm during the commission of a crime, this issue is deemed abandoned. See Court of Appeals Rule 27 (c) (2).

[9] See *Bradley v. State*, 252 Ga. App. 293 (556 SE2d 201) (2001).

[10] Id.

[11] OCGA § 16-5-91 (a).

Despite this clerical oversight, we find no basis for reversal. By inserting Monique's name as the person protected, the State sufficiently informed Ellis that the otherwise generic condition applied to him. Moreover, Ellis acknowledged at trial that he knew he was supposed to stay away from Monique, but approached her nonetheless. Under these circumstances, the evidence is sufficient to support his conviction for aggravated stalking.

(b) A person commits aggravated assault when he assaults another "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[12] Here, the evidence — particularly Ellis's statement — supports the conclusion that Ellis intentionally shot Walker, which constitutes aggravated assault. Although Ellis subsequently denied shooting the victim, resolving such conflicts in the evidence was strictly a matter for the jury.[13] The jury clearly found Ellis's trial testimony incredible, and we will not gainsay that finding on appeal.[14]

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.*

DECIDED SEPTEMBER 17, 2002.

*Mark R. Gaffney*, for appellant.
*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Ingrid D. Skidmore, Assistant District Attorneys*, for appellee.

---

[12] OCGA § 16-5-21 (a) (2).
[13] See *Thurman v. State*, 249 Ga. App. 390, 392 (3) (547 SE2d 715) (2001).
[14] See id.
[1] See OCGA § 40-13-21 (a).