## A03A1599. ARNOLD v. THE STATE.

(584 SE2d 662)

BLACKBURN, Presiding Judge.

Following a jury trial, Ralph Eugene Arnold appeals his convictions for interference with government property, criminal damage to property in the second degree, driving with drugs present in his urine, driving under the influence of drugs, reckless driving, failure to obey a stop sign, driving with a suspended license, and having no proof of insurance,[1] contending that the evidence was insufficient to support the convictions. For the reasons that follow, we affirm.

1. In three enumerations relating to the sufficiency of the evidence, Arnold contends that the verdict against him is contrary to the law, that the verdict is contrary to the evidence, and that the evidence was insufficient to authorize a rational trier of fact to find him guilty. However, in his brief, Arnold focuses solely on his conviction for criminal damage to property, the subject of his fourth enumeration. "As we have reiterated time and time again, this Court will not cull the record in search of error on behalf of a party." *Hudson v. State*.[2] Because Arnold did not present argument, citation to authority, or citation to the record regarding his other convictions, Arnold has abandoned his insufficiency claims relating to them. *Visser v. State*.[3] See Court of Appeals Rule 27 (c). Nevertheless, exercising our discretion to address the issues on the merits, see *Jackson v. State*,[4] we find the evidence sufficient to convict on all counts.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict. Arnold no longer enjoys a presumption of innocence, and we will uphold the verdict so long as any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Ellis v. State*.[5] See *Jackson v. Virginia*.[6]

Viewed in that light, the evidence shows that, on July 1, 1998, Arnold was observed by police running a stop sign and striking the curb. When the officers attempted to pull Arnold over, he led them on a high-speed chase, at times driving on the wrong side of the road and driving his vehicle directly and deliberately into a patrol car, damaging both vehicles. When apprehended, Arnold appeared to the

---

[1] Arnold was acquitted on counts of aggravated assault and obstruction of an officer. The court merged Arnold's "driving with drugs present in his urine" conviction into his DUI conviction, and reduced Arnold's criminal damage to property conviction to criminal trespass, a misdemeanor, for sentencing purposes.

[2] *Hudson v. State*, 246 Ga. App. 335 (1) (539 SE2d 860) (2000).

[3] *Visser v. State*, 237 Ga. App. 798, 799 (516 SE2d 840) (1999).

[4] *Jackson v. State*, 252 Ga. App. 157, 159 (555 SE2d 835) (2001).

[5] *Ellis v. State*, 257 Ga. App. 409, 411 (571 SE2d 198) (2002).

[6] *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979).

officers, based on their training and experience, to be under the influence of crack cocaine, and subsequent urine tests confirmed that he had used cocaine within the past six hours. At the time of the incident, Arnold's license was suspended, and he could not produce proof of insurance.

This evidence was sufficient to support Arnold's convictions for criminal interference with government property, OCGA § 16-7-24 (a); driving with drugs present in his urine, OCGA § 40-6-391 (a) (6); driving under the influence of drugs, OCGA § 40-6-391 (a) (2); reckless driving, OCGA § 40-6-390; failure to obey a stop sign, OCGA § 40-6-72 (b); driving with a suspended license, OCGA § 40-5-121 (a); and driving with no proof of insurance, OCGA § 40-6-10. *Jackson v. Virginia*, supra.

2. Arnold contends there is insufficient evidence to support a conviction for second degree criminal damage to property because the State failed to prove damages of more than $500, as required under OCGA § 16-7-23 (a) (1). However, because the trial court subsequently reduced Arnold's conviction to the lesser included offense of misdemeanor criminal trespass, which requires intentional damage to another's property without consent when "the damage thereto is $500.00 or less," the issue is moot. OCGA § 16-7-21 (a).

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 27, 2003.

*W. Keith Barber*, for appellant.

*Patrick H. Head, District Attorney, Samuel W. Lengen, Amy H. McChesney, Assistant District Attorneys*, for appellee.